IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| COMPUNETIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL TRANSACTION SERVICES, INC., <br><br> Defendant. | Civil No. 1:20-cv-371-LMB-MSN |

**REPORT & RECOMMENDATION**

This matter comes before the Court on the motion for default judgment pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 12) submitted by plaintiff Compunetix, Inc. ("Compunetix") against defendant Federal Transaction Services, Inc. ("FTS"). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in the plaintiff's favor for the reasons that follow.

**I. Procedural Background**

On April 6, 2020, Compunetix filed the instant action against Federal Transaction Services, Inc. (Dkt. No. 1). The complaint alleges that defendant failed to pay Compunetix for equipment and services Compunetix provided to defendant under a purchase order. (Dkt. No. 1) 1-2. A summons for the complaint was issued on April 6, 2020 (Dkt. No. 4). On April 14, 2020, the summons was returned executed by defendant. (Dkt. No. 5). Under Fed. R. Civ. P. 12, a responsive pleading was due April 28, 2020; however, defendant failed to file a responsive pleading in a timely manner. Accordingly, on May 5, 2020, the plaintiff filed a request for clerk's entry of

default (Dkt. No. 6), and the Clerk of Court filed an entry of default (Dkt. No. 8) on May 22, 2020, after plaintiff filed a declaration in support of its request for entry of default. (Dkt. No. 7).

On June 12, 2020, the plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 12), along with a memorandum in support of plaintiff's motion for default judgment (Dkt. No. 13). In lieu of a hearing, the Court issued an order directing that any objections to plaintiffs' motion be filed with the Clerk's Office by Friday, July 19, 2020, by 5:00 pm. (Dkt. No. 11). No objections were filed. Accordingly, the matter is now ripe for disposition.

**II. Factual Background**

The following facts are established by the complaint and the memorandum in support of the plaintiff's motion for default judgment.

Plaintiff Compunetix is a corporation formed under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 2420 Mosside Boulevard, Monroeville, Pennsylvania 15146. (Dkt. No. 1) 2. Defendant FTS is a corporation formed under the laws of the state of Delaware with its principal place of business located at 1818 Library Street, Suite 500, Reston, Virginia 20190.

On September 19, 2018, FTS submitted a purchase order to Compunetix in the amount of $493,333.00 for certain computer equipment and on-site installation services to be provided to FTS at the United States Missile Defense Agency at Redstone Arsenal, Alabama. (Dkt. No. 1) 3. Subsequently, on December 13, 2018, Compunetix delivered the computer equipment to the site, which had a value of $485,592.00. (Dkt. No. 13) 3. Compunetix did not perform the services requested in the purchase order. (Dkt. No. 13) 3. These services, which were on-site installation services, totaled to $7,741.00 in the purchase order. (Dkt. No. 13) 3. FTS failed to make any payment for the equipment delivered. (Dkt. No. 1) 2.

Plaintiff alleges a breach of contract claim (Count I) under Pennsylvania law, on the basis that FTS's purchase order, once accepted by Compunetix, constituted a binding agreement between the parties. (Dkt. No. 1) 3. Consequently, plaintiff seeks an award of damages of $485,592.00, the amount owed by FTS. (Dkt. No. 1) 3.

### III. Jurisdiction and Venue

Diversity jurisdiction exists under 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. Venue is proper because defendant FTS is a corporation with its principle place of business in this judicial district.

### IV. Standard of Review

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va.

2009)). Here, because defendant has not answered or otherwise timely responded, the well-pleaded allegations of fact in the complaint are deemed to be admitted.

**V. Analysis**

Having examined the record, the undersigned finds that the well-pled allegations of fact contained in the complaint and supported by the plaintiff's motion for default judgment establish plaintiff is entitled to default judgment in its favor and to the requested relief as detailed below.

As an initial matter, the plaintiff correctly notes that Pennsylvania law governs this action. As a general principle, a federal court sitting in diversity jurisdiction applies the law of the forum state to resolve state law claims. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). In the instant case, the purchase order at issue contains no choice of law provision. (Dkt. No. 1-1). However, under "Virginia choice of law, the law of the place of performance governs questions concerning performance of a contract." *See PNC Bank, N.A. v. Dominion Energy Mgmt.*, 2018 U.S. Dist. LEXIS 65266, at *14-15 (E.D. Va. Apr. 11, 2018). The "place of payment on a contract" is determinative of the "place of performance." *Id.* at *15. Since FTS was required to make its payment to plaintiff, whose principal place of business is in Pennsylvania, the law of Pennsylvania shall govern the contract claim here.

Plaintiff has properly plead a claim for breach of contract under Pennsylvania law. Pennsylvania law requires that a plaintiff show "(1) the existence of a contract, including material terms; (2) breach of a duty imposed by the contract; and (3) resultant damages" to successfully plead a contract claim. *Gladstone Tech., Partners, LLC v. Dahl*, 222 F. Supp. 3d 432, 440 (E.D. Pa. 2016).

Here, a contract existed. FTS's purchase order constituted an offer, which was accepted and performed by Compunetix when it delivered the equipment. FTS breached its duty under the

4

contract by not paying Compunetix for the $485,592.00 in equipment provided. Because Compunetix did not perform the in-site installation services valued at $7,741.00 in the purchase order, that amount should be deducted from the calculation of damages. Therefore, the loss of $485,592.00 in compensation for equipment is the sum total of Compunetix's damages under the agreement.

Accordingly, plaintiff is entitled to an award of damages in the amount of $485,592.00 because of defendant's breach of contract.

### VI. Recommendation

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of the plaintiff against defendant in the amount of $485,592.00.

### VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

August 6, 2020
Alexandria, Virginia